IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

SEPTEMBER SESSION, 1996

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 02C01-9510-CC-00324 |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | HENRY COUNTY |
| VS. | ) | |
| | ) | HON. JULIAN P. GUINN |
| MICHAEL BELLEW, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Direct Appeal-Motor Vehicle Offender) |

**FILED**

**March 26, 2008**

Cecil Crowson, Jr.
Appellate Court Clerk

FOR THE APPELLANT:

GUY T. WILKINSON
District Public Defender
24th Judicial District
P. O. Box 663
Camden, TN 38320

FOR THE APPELLEE:

CHARLES W. BURSON
Attorney General and Reporter

MARY ANNE QUEEN
Legal Assistant

ELLEN H. POLLACK
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37219

ROBERT RADFORD
District Attorney General
P. O. Box 686
Huntingdon, TN 38344

OPINION FILED _____

AFFIRMED

JERRY L. SMITH, JUDGE

# OPINION

Appellant Michael Bellew pled guilty in the Henry County Circuit Court to operating a motor vehicle in violation of the Motor Vehicle Habitual Offenders Act. As a Range I standard offender, Appellant received a sentence of two years in the Tennessee Department of Correction. In this direct appeal, he presents the following issue: whether his sentence is excessive

After a review of the record, we affirm the judgment of the trial court.

## I. FACTUAL BACKGROUND

On November 7, 1994, a Henry County Grand Jury indicted Appellant for driving on a revoked license in violation of Tennessee Code Annotated Section 55-50-504. He was also indicted for failing to abide by the terms of his habitual offender status in violation of Tennessee Code Annotated Section 55-10-616. On April 13, 1995, Appellant pled guilty to violating the Motor Vehicle Habitual Offenders Act. The first count of the indictment was dismissed. Following a sentencing hearing on May 22, 1995, the trial court imposed a sentence of two years.

## II. SENTENCING

Appellant alleges that his sentence is excessive. He argues that the trial court erred in determining the length of his sentence by failing to apply certain applicable mitigating factors.

When an appeal challenges the length, range, or manner of service of a sentence, this Court conducts a de novo review with a presumption that the determination of the trial court was correct. Tenn. Code Ann. § 40-35-401(d) (1990). However, this presumption of correctness is "conditioned upon the affirmative showing

that the trial court in the record considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In the event that the record fails to demonstrate such consideration, review of the sentence is purely de novo. Id. If appellate review reflects that the trial court properly considered all relevant factors and its findings of fact are adequately supported by the record, this Court must affirm the sentence, "even if we would have preferred a different result." State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). In conducting a review, this Court must consider the evidence, the presentence report, the sentencing principles, the arguments of counsel, the nature and character of the offense, mitigating and enhancement factors, any statements made by the defendant, and the potential for rehabilitation or treatment. State v. Holland, 860 S.W.2d 53, 60 (Tenn. Crim. App. 1993). The defendant bears the burden of showing the impropriety of the sentence imposed. State v. Gregory, 862 S.W.2d 574, 578 (Tenn. Crim. App. 1993).

We note initially that, because the record demonstrates that the trial court adequately considered the sentencing principles and all relevant facts and circumstances, our review of Appellant's sentence will be de novo with a presumption of correctness.

In the absence of enhancement and mitigating factors, the presumptive length of sentence for a Class B, C, D, and E felony is the minimum sentence in the statutory range while the presumptive length of sentence for a Class A felony is the midpoint in the statutory range. Tenn. Code Ann. § 40-35-210(c) (Supp. 1995). Where one or more enhancement factors apply but no mitigating factors exist, the trial court may sentence above the presumptive sentence but still within the range. Id. § 40-35-210(d). Where both enhancement and mitigating factors apply, the trial court must start at the minimum sentence, enhance the sentence within the range as appropriate to the enhancement factors, and then reduce the sentence within the range as appropriate

to the mitigating factors.  Id. § 40-35-210(e).  The weight afforded an enhancement or mitigating factor is left to the discretion of the trial court so long as the trial court complies with the purposes and principles of the Tennessee Criminal Sentencing Reform Act of 1989 and its findings are supported by the record.  State v. Hayes, 899 S.W.2d 175, 185 (Tenn. Crim. App. 1995).

Appellant was convicted of violating the Motor Vehicle Habitual Offender Act, a Class E felony.  See Tenn. Code Ann. § 55-10-616.  As a Range I standard offender convicted of a Class E felony, Appellant's statutory sentencing range was one to two years.  See id. § 40-35-112(a)(5).  The trial court found the following enhancement factors applicable to the sentence:

> (1) the defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range;
> (2) the defendant has a previous history of unwillingness to comply with the conditions of a sentence involving release in the community; and
> (3) the felony was committed while on probation from a prior felony conviction.

Id. § 40-35-114(1), (8), (13).  The trial court found no mitigating factors.  At the conclusion of the sentencing hearing, the trial court imposed a sentence of two years. Appellant does not contest the application of the three enhancement factors but maintains that the trial court failed to consider four applicable mitigating factors.  We will address each in turn.

### 1. NO THREAT OF SERIOUS BODILY INJURY

Appellant first contends that the trial court should have applied mitigating factor (1), which states that "[t]he defendant's criminal conduct neither caused nor threatened serious bodily injury."  Tenn. Code Ann. § 40-35-113(1).  Appellant points out that he was not driving under the influence of an intoxicant at the time of his arrest and argues that he created no greater threat than any other driver.  However, as a habitual offender

with an extensive record of driving-related offenses, Appellant has demonstrated that he is indeed a greater threat than the average driver. By means of the Motor Vehicle Habitual Offenders Act, the General Assembly of Tennessee, as a matter of public policy, has determined that certain drivers are such a threat that they should not be allowed to operate a motor vehicle. Appellant is just such a driver, and his presence behind the wheel, in and of itself, constitutes a threat of serious bodily injury to other drivers. Thus, we conclude that mitigating factor (1) is inapplicable.

## 2. STRONG PROVOCATION

Appellant also asserts that the trial court should have applied mitigating factor (2), which states that "[t]he defendant acted under strong provocation." Tenn. Code Ann. § 40-35-113(2). Appellant argues that, at the time of his arrest, he was en route to Michigan to be with his family and to seek employment. He fails to explain why it was necessary for him to drive himself cross-country, knowing full-well that any driving was in direct violation of the terms of his habitual offender status. The circumstances surrounding Appellant's decision to drive to Michigan fall well short of the strong provocation necessary to mitigate a sentence. Thus, mitigating factor (2) is inapplicable.

## 3. SUBSTANTIAL GROUNDS TENDING TO EXCUSE OR JUSTIFY CRIMINAL CONDUCT

Appellant next maintains that the trial court should have applied mitigating factor (3), which states that "[s]ubstantial grounds exist tending to excuse or justify the defendant's conduct, though failing to establish a defense." Tenn. Code Ann. § 40-35-113(3). Appellant argues that his desire to find gainful employment in Michigan near his family constitutes a substantial ground tending to excuse or justify his actions. While we can appreciate the difficulties accompanied with the loss of driving privileges,

we do not believe that Appellant's interest in returning to Michigan, however admirable his motivation may have been, rises to the level of excusing or justifying his actions. Thus, mitigating factor (3) is inapplicable.

## 4. DESIRE TO PROVIDE NECESSITIES

Finally, Appellant insists that the trial court should have applied mitigating factor (7), which states that "[t]he defendant was motivated by a desire to provide necessities for his family or himself." Tenn. Code Ann. § 40-35-113(7). In support of the application of this factor, Appellant argues that his decision to violate the terms of his habitual offender status was motivated by a desire to find employment in Michigan so he could provide for his family. However, mitigating factor (7) is more properly addressed to individuals who, because of their destitution, choose to steal bread, milk, or other basic necessities for their children or themselves due to their dire circumstances. See State v. Williamson, No. 03C01-9210-CR-00371, 1993 WL 335433, at *2 (Tenn. Crim. App. Sept. 1, 1993), perm. app. denied (Tenn. Mar. 7, 1994). We believe that, if Appellant had the means to put fuel in his car and to keep it in good working order for the trip to Michigan, he had the means to arrange for some other form of travel, whether with a friend or family member or on some form of public transportation. Thus, mitigating factor (7) is inapplicable.

Even if one or all of these mitigating factors applied to Appellant's sentence, the extensiveness of his criminal history in the area of operating a motor vehicle and his repeated willingness to disregard the terms of his punishment more than justify a sentence of two years. Therefore, we conclude that the trial court acted within its discretion in enhancing Appellant's sentence to two years.

Accordingly, the judgment of the trial court is affirmed.

_____
JERRY L. SMITH, JUDGE


CONCUR:



_____
JOE B. JONES, PRESIDING JUDGE


_____
DAVID H. WELLES, JUDGE